UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MAR 16 PM 4:54

ZACHARY KNOTTS
PLAINTIFF

V.

KEITH WHITE, ESQ, AND
HONORABLE THOMAS A. BEDELL
DEFENDANTS

CIVIL ACTION COMPLAINT
NO.: 1:23-cv-28
Kleeh + Aloi

**FILED**

**MAR 1 6 2023**

U.S. DISTRICT COURT  WVND
CLARKSBURG, WV 26301

PARTIES:  ZACHARY KNOTTS, Plaintiff, has a mailing address of 1050 Westview Dr., Fairmont, WV  26554

Keith White, Defendant has a mailing address of 110 Washington St, St. Marys, WV 26107

Honorable Thomas A. Bedell, Defendant, has a mailing address of Harrison County Circuit Court, Clarksburg, WV

This is a complaint pursuant to 42 USC section 1983 for deprivations of rights granted by the Fourteenth Amendment of the US Constitution, Section One.

Venue is proper because the parties are in the northern part of WV as well as the incidents that gave rise to the claims herein.

## COUNT ONE

1. The Fourteenth Amendment of the US Constitutions grants due process rights with reference to property matters.   The issues in this complaint arose out of a contract in the form of a retainer agreement for services to be provided by the attorney Keith White.

2. All parties, and the court acknowledged that there was a valid retainer agreement and therefore a proper contract between Knotts and White, that outlined the services to be rendered.

3. Knotts pursued all legal remedies to enforce the contract.

4. Appended to this document in Exhibit One are the original documents filed by Knotts showing the remedy he sought.

5. The Judge who presided over the matter was Judge Bedell and he articulated that there was a valid contract, however, he dismissed the case.   He also denied the plaintiff's motion to amend the judgment.   This was a direct denial of the rights of the plaintiff to seed a remedy for a property loss.

6. If Judge Bedell thought that the Plaintiff should not have any right to the recover any loss he should be included in the demand for the restitution of the funds expended by the plaintiff as well as the other relief sought by the Plaintiff, Knotts.

7.  Keith White in his letters to Knotts offered to pay back the retainer, and this is noted in two letters from Keith White that are included in the exhibits.   However, that was never done.   Keith White should be responsible for the restitution of the funds expended by the plaintiff as well as the other relief sought by the Plaintiff, Knotts.  Keith White should not have signed a consent to a dismissal with prejudice in the underlying case, and Judge Bedell should have noted this infraction by not allowing the Plaintiff's case to be dismissed in his court.

WHEREFORE:  Plaintiff seeks
1.   Compensatory and Punitive damages.
2.   Costs and reimbursements, including costs of suits.
3.   Pretrial and post-trial interest.
4.   And such other relief as the court sees fit.

COUNT TWO

8. Plaintiff repeats the claims of Count One as though they were repeated and affirmed here again.

9.  Plaintiff states that his rights of liberty and rights against unnecessary restraint guaranteed by the Fourteenth Amendment of the US Constitution section one were abrogated in the incidents leading up to the complaint filed against Keith White by the Plaintiff.

10.  The filing in Harrison County Circuit court should not have been dismissed without a full hearing on the underlying incidents and how the Plaintiff's rights were trampled.

11.  Plaintiff was brutally beaten so that he could not stand.   This is an illegal form of restraint.  He was not given proper medical attention and was told that he was OK by the medical unit at the facility.   When his parents bailed him from jail they found him in a physical condition that demand medical attention.   When they took him to the local hospital he was transported to Ruby Memorial Hospital where he was treated and remained in the hospital for one week.  Therefore the inflicted restraint can be said to have exceeded the duration that Knotts was in custody and as a bailed individual he was thoroughly entitled to the liberty allowed by the US Constitution.

12.  The injuries have continued today because the Plaintiff had difficulty standing or sitting in one place to complete welding tasks.  The Plaintiff's public defender also noted that his physical abilities were limited because he had been beaten in Jail.   This statement was part of a consent order.

13.  The findings of NO Credible Witnesses by Judge Bedell are not factually correct because there is credible evidence provided by the medical records.  Knotts made the records available to Keith White and his agents in previous litigation by signing waivers so that the medical facilities could provide any requested information. [Judicial notice should be taken that two important published cases regarding medical records came out

of Judge Bedell's court and are often referred to as Bedell One and Bedell Two.   These cases are quoted throughout the US.]

14.  The statements in Count Two indicate that there is responsibility for the Plaintiff's loss of rights guaranteed by the Fourteenth Amendment to the US Constitution.   For this reason Plaintiff makes claims against Keith White and Judge Bedell for the relief sought from the court.

WHEREFORE:  Plaintiff seeks
1.Compensatory and Punitive damages.
2.Costs and reimbursements, including costs of suits.
3. Pretrial and post-trial interest.
4. And such other relief as the court sees fit.

COUNT THREE

15.   Plaintiff repeats the claims of Count One as though they were repeated and affirmed here again.

16.  Plaintiff makes claim for his substantive rights guaranteed by the Fourteenth Amendment of the US Constitution, in section one.

17.  The proper venue for the enforcement of a litigant's substantive rights is in a court of law, and that is the reason the Plaintiff filed suit against Keith White in Circuit Court. Judge Bedell's decision did not take into consideration any of the substantive rights that should have been afforded to the Plaintiff.

    a.   The judge would not allow an adjournment so that the Plaintiff could have his notes available for reference.   He was restricted to appear by video from a jail cell, even though his bail was posted and a short postponement would have allowed the Plaintiff to have his notes available.

    b.   Judge Bedell did not allow for any discovery or meaningful motion practice prior to dismissing the case.

    c.   Plaintiff's motions were not given thoughtful consideration.

    d.   The Judge also did not raise any questions "sua sponte" to evaluate whether the Plaintiff's rights and substantive rights had been abrogated.  There was no allowance for time to explore whether other parties should have been added to the complaint.

17. Keith White, as an attorney, is an officer of the Court.  Therefore both Keith White and Judge Bedell should share equally in any damages awarded for the Plaintiff's loss of his substantive rights by their actions and inactions.

WHEREFORE:  Plaintiff seeks
1. Compensatory and Punitive damages.
2. Costs and reimbursements, including costs of suits.

3. Pretrial and post-trial interest.
4. And such other relief as the court sees fit.

Jury Demand
The Plaintiff demands a trial by jury.

Demand for Insurance
The Plaintiff demands the name of the insurance company.

CERTIFICATION:    I certify that the statements made by me are true to the best of my knowledge and understanding, or i shall suffer punishment.   I Certify that this matter is not the subject of another controversy or litigation.

Date: 3/16/2023    _____*Zachary Knotts*___/s/Zachary Knotts