# EXHIBIT ONE

IN THE CIRCUIT COURT OF *Pleasants* COUNTY, WEST VIRGINIA

## CIVIL CASE INFORMATION STATEMENT
### (Civil Cases Other than Domestic Relations)

**I. CASE STYLE:**

Plaintiff(s)
*Zachary Knotts*
*1050 West View Drive*
*Fairmont, WV 26554*

vs.

Defendant(s)
*Keith White*
Name
*110 Washington St, #*
Street Address
*St. Mary, WV 26170*
City, State, Zip Code

Case No. *19-C-15*
Judge: *Sweeney*

**FILED IN OFFICE**

JUN 1 1 2019

MILLIE FARNSWORTH
CIRCUIT COURT CLERK
PLEASANTS CO WV

Days to Answer *20*

Type of Service *Sheriff*

---

**II. TYPE OF CASE:**

- [X] General Civil
- [ ] Mass Litigation *[As defined in T.C.R. 26.04(a)]*
  - [ ] Asbestos
  - [ ] FELA Asbestos
  - [ ] Other: _____
- [ ] Habeas Corpus/Other Extraordinary Writ
- [ ] Other: _____

- [ ] Adoption
- [ ] Administrative Agency Appeal
- [ ] Civil Appeal from Magistrate Court
- [ ] Miscellaneous Civil Petition
- [ ] Mental Hygiene
- [ ] Guardianship
- [ ] Medical Malpractice

---

**III. JURY DEMAND:** [X] Yes [ ] No  CASE WILL BE READY FOR TRIAL BY (Month/Year): ____ /____

---

**IV. DO YOU OR ANY OF YOUR CLIENTS OR WITNESSES IN THIS CASE REQUIRE SPECIAL ACCOMMODATIONS?**

[ ] Yes [ ] No

**IF YES, PLEASE SPECIFY:**
- [ ] Wheelchair accessible hearing room and other facilites
- [X] Reader or other auxiliary aid for the visually impaired
- [ ] Interpreter or other auxiliary aid for the deaf and hard of hearing
- [ ] Spokesperson or other auxiliary aid for the speech impaired
- [ ] Foreign language interpreter-specify language: _____
- [ ] Other: _____

---

Attorney Name: *pro se*
Firm:
Address: *1050 West View Drive Fairmont*  *26558*
Telephone: *304 670 7597*
[ ] Proceeding Without an Attorney

Representing:
- [ ] Plaintiff [ ] Defendant
- [ ] Cross-Defendant [ ] Cross-Complainant
- [ ] 3rd-Party Plaintiff [ ] 3rd-Party Defendant

---

Original and _____ copies of complaint enclosed/attached.

Dated: ____ /____ /____    Signature: _____

**SCA-C-100: Civil Case Information Statement (Other than Domestic Relations)**    Revision Date: 12/2015

**Plaintiff:** _____ *, et al*    **Case Number:** _____

**vs.**

**Defendant:** _____ *, et al*

## CIVIL CASE INFORMATION STATEMENT
## DEFENDANT(S) CONTINUATION PAGE

Keith White

Defendant's Name

110 Washington St St mary

Street Address

26170

City, State, Zip Code

Days to Answer: 20

Type of Service: Sheriff

---

Defendant's Name

Street Address

City, State, Zip Code

Days to Answer: _____

Type of Service: _____

---

Defendant's Name

Street Address

City, State, Zip Code

Days to Answer: _____

Type of Service: _____

---

Defendant's Name

Street Address

City, State, Zip Code

Days to Answer: _____

Type of Service: _____

---

Defendant's Name

Street Address

City, State, Zip Code

Days to Answer: _____

Type of Service: _____

---

Defendant's Name

Street Address

City, State, Zip Code

Days to Answer: _____

Type of Service: _____

---

Defendant's Name

Street Address

City, State, Zip Code

Days to Answer: _____

Type of Service: _____

---

**SCA-C-100: Civil Case Information Statement-Defendant(s) Continuation Page**      Revision Date: 12/2015

**FILED IN OFFICE**

IN THE CIRCUIT COURT OF PLEASANT COUNTY, WV

JUN 1 1 2019

MILLIE FARNSWORTH
CIRCUIT COURT CLERK
PLEASANTS CO WV

ZACHARY KNOTTS
    PLAINTIFF

V.

KEITH WHITE,
JOHN DOE EXEDRA AND ALL
    DEFENDANT

CIVIL ACTION NO. *19-C-15*

## COMPLAINT

Now comes the Plaintiff Zachary Knotts, and for his complaint against the Defendants, states and alleges the following:

## PARTIES

1. The Plaintiff, Zachary Allen Knotts is a resident of West Virginia, with the mailing address of 1050 west view drive Fairmont, WV 26554

2. Defendant Keith White is an attorney licensed to practice in the State of West Virginia.  His mailing address is 110 Washington St, Saint Marys, WV 26170

3. The insurance Co. is a defendant in this case because WV state bar provided an insurance policy to *Zachary Knotts* during the time relevant in this complaint.

4. John Doe is a fictitious defendant; however discovery may show that there are additional defendants who will be added to this litigation.

## FACTUAL ALLEGATIONS

5.     On 11/12/14, Zachary Knotts signed the Attorney-Client Fee Agreement whereby Attorney Keith White agreed to "provide legal services."(Attached)

6.     On 11-12-14 Zachary Knotts paid Keith White $7,500 with a check to file a lawsuit against the North Central Regional Jail (NCRJ) for injuries he sustained on October 10, 2010 while incarcerated there.

7.     On October 10, 2010, an incident erupted at the jail after a request for a pillow when Knotts was violently pushed into a wall, then thrown toward a toilet and jumped on and punched.  Paralyzed, in extreme pain Knotts was left in confinement, unable to stand or sit up.

8.     Knotts mother received a phone call from an inmate's wife alerting her about what had happened because NCRJ never contacted her as the emergency contact.  Barbara Knotts

panicked and called the jail they told her what happened.  Stephen Knotts, Zachary's father picked him up and drove him to FGH (Fairmont General Hospital).

9.     FGH found T8 fractured back, 3 damaged ribs, lost tooth, busted lip, and bruising.  It is recorded in the medical records.  Knotts was transferred by ambulance to WVU Hospital.

10.     Knotts did not return to NCRJ.  He was on bail, then on house arrest, and then under incarceration for 3 years.  In 2014 he was released from incarceration.

11.     In 2015, sometime before 4-21-15 Zachary Knotts had a meeting with tri-state investigations, Investigator Mitch.

12.     On 8-27-15 Knotts filed a complaint at ODC about Keith White having retainer money for two years and not filing a court case against NCRJ.

13.     To avoid getting his license to practice law suspended after Knotts filed the complaint with ODC, Keith White drafted the complaint on 12/29/15.

14.     The Civil Complaint was filed in Kanawha County on February 4, 2016.

15.     Pursuant to a Motion to Dismiss the Complaint filed by the adversary, Keith White signed an agreed order of dismissal with prejudice which was filed on 6-12-16.

16.     Keith White never explained to Knotts what was happening in his case when he signed this Order.  He did not explain that a motion on rule 12 had been filed.  He did not explain or communicate that he signed an order that dismissed the case with prejudice.

17.     Knotts found out what had happened when he called the circuit clerk's office to check on the case.   He got Andrew Brison's number who said "You don't have a case."  Knotts said "Yes I do Keith filed it 16-c-132."   Brisbane said "he did but Keith signed an agreed order of dismissal with prejudice," and then he explained what the order meant.

18.     Keith White did not explain any alternatives that were available to Knotts.  He did not communicate that one of the options would have been to file in another court, namely the Federal District Court.   He did not review any options of appeal.

19.     Keith never filed it at the right court, and he could have.  He just took my money and dismissed my case and never explained or even mentioned that I may have had other options. If he was not able to handle my case he should have referred me to another lawyer.

20.     Knotts had signed the agreement with Keith White and thought he would abide by that contract but he did not. He was negligent in his handling of the case and he breached the contract that was signed.

21.     Knotts pursued a claim with the Attorney Ethics Board.  White filed an answer and included documents that showed that he communicated with Knotts in letter form to warn him that a medical condition that Knotts had could be an impediment to White's ability to continue to work with him.  White also demanded that Knotts travel a distance for a medical evaluation which White said would be paid for out of the money in the retainer. This was reckless misconduct on the part of White as this sort of requirement was outside of the area of his expertise and was not part of the case.   It was not fair that such a cost should be charged to Knotts.

22.     This matter alone should have alerted the Board that there could be an additional problem with discrimination due to a disability and questions of equal access to services for such an individual.

23.             Distressed with the outcome of his case, and the prospect of a lifetime of disability due to injuries in the jail, Knotts spoke with anyone who would listen. A Charleston, WV attorney told him that he could make a claim against the attorney's insurance company.

24.     Knotts contacted the insurance company directly and on 10-6-18 Knotts started an insurance claim against Keith Whites insurance company.

25.     Knotts diligently communicated with the insurance company. He was told that they were working on his claim and that they were gathering all of his medical records and that they would contact him when they had more information.

26.     Considering the money and time that Knotts had already spent, as well as his future due to his injuries and prospects of lifelong pain and suffering, the insurance company was unable to make an offer that could settle the case.

27.     Keith White has caused intentional infliction of emotional distress by his mishandling of the lawsuit. I would never have agreed to a dismissal with prejudice,  where it can never be reopened. At the very least he could have advocated to have the matter dismissed without prejudice.

28.    White's representations allowed me to have my hopes up for years, I did not realize that he was simply holding my money for two years and doing nothing.  When he did file, he didn't tell me what was happening with the case and there was a rule 12 motion filed.  He didn't tell me that his own actions shut down my chances of even going to court.  The results that he caused hurt me and my family emotionally and financially.

29.    White said I needed a psychological appointment.  He took my money and spent it on a doctor bill he thought I needed.  He wrote this in his reply to the disciplinary council.   This was an unnecessary expenditure because my insurance would have paid for it, it did not have to come out of my money in the retainer.

30.    White talked about helping me.  He even offered to help me with writing a writ of error coram nobis responsive to the original case that caused me to be in jail.  This never happened and I was forced to file it as a pro se.

31.    My physical ability is taxed due to the T8 fracture in my spine.   In April 2019 I walked from the Marion County Public Library to my brother's house on Clinton Ave.  It's about 1/4 mile walk.  I had my laptop bag on my shoulder and my portable file cabinet.   My spine was burning and there was tingling in my left leg to the point that it looked like I was a drunk trying to walk.  I had to call brothers neighbor to pick me up.  I will face this problem with walking for the rest of my life with carrying things or lots of movements with my back bending over 6-10-19 shawn a guy working on a house near me asked why I was walking weird and if I was ok reason is I was carrying tool box its embarrassing people question why I walk differently when in pain from jail injury.

## COUNT ONE

32.    The Defendant, Keith White, has failed to perform within the standard duty of care in the handling of the legal case for Zachary Knotts.

33.    As described by the above set of factual statements, his performance includes:

- breach of contract
- negligence
- statutory violation
- reckless miss conduct
- disability discrimination including Americans With Disabilities Claims

34.     When it became apparent that there were problems with the case, Keith White failed to advise Knotts of his options or to refer him to another lawyer.

35.  There was failure on the part of the law firm to properly assess and quantify, articulate, investigate and litigate the loss experienced by Knotts.

36.  There was incomplete preparation of the case prior to filing, during defense of the dispositive rule 12 motion, and the resulting assessment of the future for the case.  This was compounded by the lack of communication of the remedial options during and after the pendency of the case.

37.     There was a breach of professional responsibility to properly assess the correct venue for filing the action.  There was no guidance for the client so that he could interact or be aware of the possible options to continue the case pending and after the rule 12 motion.

38.     The case was not handled with the required standard of care and discovery will show that there are professional deficiencies which a client would not be aware of and that would contribute to additional claims and causes of action.

**Wherefore clause:** Plaintiff makes the following demands of the Defendant for

1.     Compensatory damage

2.     Punitive damage

3.     Pretrial interest and post-trial interest

4.     Medical bills and expenses

5.     Cost of suit and such other relief as the Court sees fit.

6.     Cost of suit and such other relief as the Court sees fit.

## COUNT TWO

39.     The Plaintiff repeats the allegations of Count One and Two as though they were repeated therein.

40.     The Plaintiff extends their claims against attorney, Keith White, to all others who may have a responsibility in this matter.  This includes any other insurance companies who may have insurance policies to insure Keith White or Keith White's insurance company, as well as others who may have interacted in the case in a negative fashion as discovery will show.

**Wherefore clause:** Plaintiff makes the following demands of the Defendant for

1.   Compensatory damage

2.   Punitive damage

3.   Pretrial interest and post-trial interest

4.   Medical bills and expenses

5.   Cost of suit and such other relief as the Court sees fit.

**JURY DEMAND**

  The Plaintiff demands a trial by jury

**CERTIFICATION:**  I certify that the above statements made by me are true to the best of my knowledge and understanding.   If I make any statements that I know to be false, I shall suffer punishment.

Date: 6-10-19

Zachary Knotts
1050 West View Drive
Fairmont, WV  26554
304-670-7397



County of Pleasants
State of West Virginia
The foregoing instrument was acknowledged
before me this 11 day of June,
2019 by Zachary Knotts
Brenda Sue Ludolph Notary Public
My commission expires June 11, 2019

NOTARY PUBLIC  OFFICIAL SEAL
STATE OF WEST VIRGINIA
BRENDA SUE LUDOLPH
1394 GREENS RUN ROAD
ST. MARYS, WV  26170
MY COMMISSION EXPIRES JUNE 11, 2019

# ATTORNEY-CLIENT FEE AGREEMENT

**KEITH WHITE** ("Attorney") and **ZACH KNOTTS** ("Client") hereby agree that Attorney will provide legal services to Client on the terms set forth below.

1.    **CONDITIONS.** This Agreement will not take effect, and Attorney will have no obligation to provide legal services, until Client returns a signed copy of this Agreement and pays the initial deposit called for under Paragraph 4.

2.    **SCOPE OF SERVICES.** Client hires Attorney to provide legal services in the following matters: civil action against the West Virginia Regional Jail and Correctional Facility due to injuries suffered during your incarceration, investigate a civil action against the Fairmont Federal Credit Union and its employees due to false testimony during a criminal hearing, investigate a civil action against Zerkle for failure to inform you of the existence of lead paint prior to the sale of rental housing and any other legal matter which might arise.

3.    Attorney will provide those legal services reasonably required to represent Client. Attorney will take reasonable steps to keep Client informed of progress and to respond to Client's inquiries. If a court action is filed, Attorney will represent Client through trial and post- trial motions. This Agreement does not cover representation on appeal or in execution proceedings after judgment. Separate arrangements must be agreed to for those services.
Services in any matter not described above will require a separate written agreement.

4.    **CLIENT'S DUTIES.** Client agrees to be truthful with Attorney, to cooperate, to keep Attorney informed of any information or developments which may come to Client's attention, to abide by this Agreement, to pay Attorney's bills on time, and to keep Attorney advised of Client's address, telephone number and whereabouts.  Client will assist Attorney in providing necessary information and documents and will appear when necessary at legal proceedings.

5.    **DEPOSIT.** Client agrees to pay Attorney a retainer of $7,500.00. The hourly charges will be charged against the deposit. The initial deposit, as well as any future deposit, will be held in a trust account. Client authorizes Attorney to use that fund to pay the fees and other charges as they are incurred. Payments from the fund will be made upon remittance to client of a billing statement.  Client acknowledges that the deposit is not an estimate of total fees and costs, but merely an advance for security.

Whenever the retainer is exhausted, Attorney reserves the right to demand further deposits. Once a trial or mediation date is set, Client shall pay all sums then owing and deposit the attorneys' fees estimated to be incurred in preparing for and completing the trial or arbitration, as well as the jury fees or arbitration fees, expert witness fees and other costs likely to be assessed.

Client agrees to pay all deposits after the initial deposit within 10 days of Attorney's demand. Unless otherwise agreed in writing, any unused deposit at the conclusion of Attorney's services will be refunded.

5.    **LEGAL FEES AND BILLING PRACTICES.** Client agrees to pay by the hour

1

at Attorney's prevailing rates for all time spent on Client's matter. Current hourly rate for Attorney is $150.00 per hour.

The time charged will include the time Attorney spends on telephone calls relating to Client's matter, including calls with Client, witnesses, opposing counsel or court personnel. Attorney will charge for waiting time in court and elsewhere and for travel time, both local and out of town.

Time is charged in minimum units of one-tenth (.1) of an hour.

6.     **COSTS AND OTHER CHARGES.**

(a)     Attorney will incur various costs and expenses in performing legal services under this Agreement. Client agrees to pay for all costs, disbursements and expenses in addition to the hourly fees. The costs and expenses commonly include, service of process charges, filing fees, court and deposition reporters' fees, jury fees, notary fees, deposition costs, long distance telephone charges, messenger and other delivery fees, postage, photocopying and other reproduction costs, travel costs including parking, mileage, transportation, meals and hotel costs, investigation expenses, consultants' fees, expert witness, professional, mediator, arbitrator and/or special master fees and other similar items.

(b)     Out of town travel. Client agrees to pay transportation, meals, lodging and all other costs of any necessary out-of-town travel by Attorney.

(c)     Experts, Consultants and Investigators. To aid in the preparation or presentation of Client's case, it may become necessary to hire expert witnesses, consultants or investigators. Client agrees to pay such fees and charges. Attorney will select any expert witnesses, consultants or investigators to be hired, and Client will be informed of persons chosen and their charges.

Additionally, Client understands that if the matter proceeds to court action or mediation, Client may be required to pay fees and/or costs to other parties in the action. Any such payment will be entirely the responsibility of Client.

7.     **BILLING STATEMENTS.** Attorney will send Client periodic statements for fees and costs incurred. Each statement will be payable within 10 days of its mailing date. Client may request a statement at intervals of no less than 30 days. If Client so requests, Attorney will provide one within 10 days. The statements shall include the amount, rate, basis of calculation or other method of determination of the fees and costs, which costs will be clearly identified by item and amount.

8.     **DISCHARGE AND WITHDRAWAL.** Client may discharge Attorney at any time. Attorney may withdraw with Client's consent or for good cause. Good cause includes Client's breach of this Agreement, refusal to cooperate or to follow Attorney's advice on a material matter or any fact or circumstance that would render Attorney's continuing representation unlawful or unethical. When Attorney's services conclude, all unpaid charges will immediately become due and payable. After services conclude, Attorney will, upon Client's request, deliver Client's file, and property in Attorney's possession.

2

9.    **DISCLAIMER OF GUARANTEE AND ESTIMATES.** Nothing in this Agreement and nothing in Attorney's statements to Client will be construed as a promise or guarantee about the outcome of the matter. Attorney makes no such promises or guarantees. Attorney's comments about the outcome of the matter are expressions of opinion only. Any estimate of fees given by Attorney shall not be a guarantee. Actual fees may vary from estimates given.

10.    **ENTIRE AGREEMENT.** This Agreement contains the entire agreement of the parties. No other agreement, statement, or promise made on or before the effective date of this Agreement will be binding on the parties.

11.    **SEVERABILITY IN EVENT OF PARTIAL INVALIDITY.** If any provision of this Agreement is held in whole or in part to be unenforceable for any reason, the remainder of that provision and of the entire Agreement will be severable and remain in effect.

12.    **MODIFICATION BY SUBSEQUENT AGREEMENT.** This Agreement may be modified by subsequent agreement of the parties only by an instrument in writing signed by both of them, or an oral agreement only to the extent that the parties carry it out.

THE PARTIES HAVE READ AND UNDERSTOOD THE FOREGOING TERMS AND AGREE TO THEM AS OF THE DATE ATTORNEY FIRST PROVIDED SERVICES.

Dated _____1/12/14_____          Client _____

Dated _____11/12/14_____         Attorney _____

3

3e

**IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA**

ZACHARY ALLEN KNOTTS

     Plaintiff,

vs.                           CIVIL ACTION NO. 16 C-132

WEST VIRGINIA REGIONAL JAIL
AND CORRECTINAL FACILITY AUTHORITY,
and CORRECTIONAL OFFICER CARDER

     Defendants.

*Jury Trial Demanded*

**COMPLAINT**

Now comes the Plaintiff, Zachary Allen Knotts, and for his complaint against the

Defendant alleges and says as follows:

**PARTIES**

1.     That at all relevant times, the Plaintiff, Zachary Allen Knotts, was a

resident of the United States of America and the State of West Virginia, and was,

therefore, entitled to all legal and constitutional rights afforded citizens of the United

States of America and the State of West Virginia.  That on or about the 10th day of

October, 2010, Plaintiff, Zachary Allen Knotts, was severely beaten by Correctional

Officer Carder, employed by the Defendant West Virginia Regional Jail and Correctional

Facility, at the North Central Regional Jail situate at #1 Lois Lane, Greenwood,

Doddridge County, West Virginia.

2.     That at all relevant times, including October 10, 2010, the Defendant,

West Virginia Regional Jail and Correctional Facility Authority, was and is a subdivision

of the State of West Virginia and is located at 1325 Virginia Street, East, Charleston, West Virginia, 25301.

3.    That the Defendant, West Virginia Regional Jail and Correctional Facility Authority was at all times material herein responsible for the formulation and implementation of directives and policies governing the North Central Regional Jail thereby committing the acts complained of under the color of the law.

4.    That at all relevant times, including October 10, 2010, the Defendant, Correctional Officer Carder, was employed as a correctional officer at the North Central Regional Jail by the Defendant West Virginia Regional Jail and Correctional Facility Authority and acted under the color of state law.  At all relevant times, Correctional Officer Carder was trained as a correctional officer, including, but not limited to, the Fourth Amendment of the United States Constitution, and the limitations placed upon the use of force.

## FACTUAL ALLEGATIONS

5.    That on or about the 10th day of October, 2010, the Plaintiff, Zachary Allen Knotts, was incarcerated at the North Central Regional Jail, Greenwood, West Virginia.

7.    That on the 10th day of October, 2010, Defendant Correctional Officer Carder entered the jail cell of the Plaintiff and demanded to know why Plaintiff had two mattresses.

8.    That Correctional Officer Carder took one mattress and demanded to know where the other pillow was.

9.    When the Plaintiff stated he did not know, Correctional Officer Carder

5e

stated then I will take yours and grabbed the pillow of the Plaintiff.

10.    He left the cell with the mattress and the pillow and placed them outside of Plaintiff's cell.

11.    Later that night, Correctional Officer Carder, came back with the pillow and entered the cell of the Plaintiff.

12.    He struck the Plaintiff hard in the leg with the pillow.

13.    When Plaintiff asked him if this was a pillow fight, Correctional Officer Carder yelled "Oh yeah, let's see who's stronger."

14.    Correctional Officer Carder then ran to the door, spun around, got down like a football player and smiled.

15.    Correctional Officer Carder started running towards Plaintiff and plowed Plaintiff into the wall causing a compression fracture to Plaintiff's back.

16.    Correctional Officer Carder then threw Plaintiff down at which time Plaintiff struck his head against the toilet damaging Plaintiff's tooth and cutting Plaintiff's lip.

17.    Correctional Officer Carder then jumped on Plaintiff and started punching Plaintiff resulting in two broken ribs.

18.    Other Correctional Officers, the identities of whom are at this time unknown to Plaintiff, ran into Plaintiff's cell and helped Correctional Officer Carder drag Plaintiff out of the cell.

19.    At this point, Plaintiff could not stand, the Correctional Officers forced Plaintiff hands behind his band and forced him to walk down the hall way of the North Central Regional Jail solitary confinement.

6e

20.    Plaintiff was then taken to the medical center at the North Central Regional Jail where the medical staff told him he was not hurt.

21.    Plaintiff was then placed in solitary confinement and was not allowed to make telephone calls.

22.    That as a result of the willful, wanton, and intentional conduct of the Defendant Correctional Officer Carder and other unknown Correctional Officers, acting in the course of their employment and action under the color of law, the Plaintiff suffered temporary and permanent physical injuries to his face, neck, arms, back, legs, and other parts of his body; has incurred medical and hospital expenses and will incur medical and hospital expenses in the future; has suffered severe pain and suffering, and mental anguish.

23.    That the beating of the Plaintiff, Zachary Allen Knotts and/or the effects thereof, by the Defendant Correctional Officer Carder, was witnessed by other correctional officers and inmates of the North Central Regional Jail who reported the same to the administrators of said jail and to various individuals outside of said Jail.

24.    That no action was taken by any official, employee or agent of the Defendant, West Virginia Regional Jail and Correctional Facility Authority, at the North Central Regional Jail to discipline the Defendant Correctional Officer Carder or other correctional Officers.

25.    That on October 10, 2010, Zachary Allen Knotts was mentally ill and incompetent as determined by the Circuit Court of Marion County, West Virginia. Zachary Allen Knotts was confined in William R. Sharpe, Jr. Hospital in Weston, West Virginia until mid-February, 2014.

7e

26.    Pursuant to West Virginia Code Chapter 55, Article 17, Section 3, the Plaintiff, Zachary Allen Knotts, provided Notice of Claim and Relief requested more than 30 days prior to the institution of this Civil Action. A copy of said notice is attached hereto as Exhibit A.

WHEREFORE PLAINTIFF DEMANDS Judgment against the Defendants, as follows:

1.    That defendants be required to pay Plaintiff's compensatory damages;

2.    That defendants be required to pay economic and non-economic damages, including but not limited to medical and hospital expenses, now and in the future, pain and suffering, now and in the future, and mental anguish, now and in the future;

3.    That Correctional Officer Carder be required to pay punitive damages;

4.    That Defendants be required to pay reasonable attorney fees and

5.    That Plaintiff receive any other such relief as this Honorable Court deems just and proper.

ZACHARY ALLEN KNOTTS

by Counsel

Keith White, Attorney at Law
110 Washington St., P. O. Box 176
St. Marys, WV 26170
304-684-2219 304-684-9428 (fax)
State Bar #4008.

correctional Officers.

20.  That on October 10, 2010, Zachary Allen Knotts was mentally ill and incompetent as determined by the Circuit Court of Marion County, West Virginia. Zachary Allen Knotts was confined in William R. Sharpe, Jr. Hospital in Weston, West Virginia until mid-February, 2014.

**RELIEF REQUESTED**     Mr. Knotts seeks a judgment against the West Virginia Regional Jail and Correctional Facility Authority for compensatory damages, in an amount to be determined by a jury, to pay economic and non-economic damages, including but not limited to medical and hospital expenses, now and in the future, pain and suffering, now and in the future, and mental anguish, now and in the future; attorney fees, the cost of any civil action filed.

Dated the 29th day of December, 2015.

ZACHARY ALLEN KNOTTS

By Counsel

Keith White
Attorney at Law
P. O. Box 176
St. Marys, WV 26170
304-684-2219
State Bar No. 4008

May. 20. 2019  3:06PM    KANAWHA CO. CIRCUIT CLERK                      No. 0091    P. 2

# IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**ZACHARY ALLEN KNOTTS**

Plaintiff,

2017 JUN 12  PM 2: 35

CATHY S. GATSON CLERK
KANAWHA COUNTY CIRCUIT COURT
CIVIL ACTION NO.: 16-C-132
HONORABLE CHARLES KING

THE WEST VIRGINIA REGIONAL
JAIL AND CORRECTIONAL FACILITY
AUTHORITY and CORRECTIONAL
OFFICER CARDER

Defendants,

## AGREED ORDER DISMISSAL

NOW COMES the parties, by counsel, upon the defendants' Motion to Dismiss this civil action, pursuant to Rule 12 of the West Virginia Rules of Civil Procedure, and advised the Court that based upon a review of the facts and argument presented in the pending Motion, and other relevant and pertinent information, that they agree that the Motion to Dismiss is proper and should be granted, without any consideration being exchanged.

Accordingly and based upon the foregoing, the Court does hereby **DISMISS**, *with prejudice*, the claims of Plaintiff, Zachary Knotts, as against the West Virginia Regional Jail and Correctional Facility Authority and Correctional Officer Carder as set forth in Civil Action No. 16-C-132, styled *Zachary Knotts v. The West Virginia Regional Jail & Correctional Facility Authority and Correctional Officer Carder*, with each party to bear its own costs and expenses, including attorney's fees, incurred in this action.

The Clerk is directed to send certified copies of this Order to counsel of record at the addresses listed below.



*10e*

JUN 2019  3:00PM   KANAWHA CO. CIRCUIT CLERK                    No. 6097   P. 3

ENTER this _12TH_ day of _June_ 2017.

_Charles E. King_

The Honorable Charles E. King

Prepared by:

M. Andrew Brison (WVSB # 5787)
**ANSPACH MEEKS ELLENBERGER LLP**
900 Lee Street, East, Suite 1700
Charleston, West Virginia 25301
304-205-8063 - telephone
abrison@anspachlaw.com

Inspected and Approved by:

Keith White (WVSB #4008)
**ATTORNEY AT LAW**
Post Office Box 176
St. Marys, West Virginia 26170
304-684-2219 - telephone
_Counsel for Plaintiff_

2



**KEITH WHITE**
**ATTORNEY**
**AT LAW**

P.O. Box 176 110 Washington St., St. Marys, WV 26170 • 304-684-2219 • Fax 304-684-9428 • keithwhite3@me.com

Zachary Knotts
1050 Westview Drive
Fairmont, WV 26554

August 11, 2015

Dear Mr. Knotts:

    This letter is in reference to our telephone conference of August 10, 2015. As I informed you at the time that I agreed to represent you in a civil action against the West Virginia Regional Jail and Correctional Authority, I would not tolerate scandalous behavior on your part and that I wanted you to keep a low profile while this case proceeds. As you have admitted, you have ignored my advice. You have been arrested in the Marion County Courthouse for using foul language; you were asked to leave the WVU School of Law due to your behavior; you have used foul language with my investigator, Mitch Burton, Dr. Bobby Miller and my secretary, all of whom have expressed concern about your mental health. You have engaged in conversations with me on topics which can only be described as bizarre. Since I believe that your conduct is due to a mental illness, I am giving you an option for my continued representation. Either you will agree to have a mental examination by a psychologist or psychiatrist of my choosing and agree to follow his or her advice, or I will end my representation of you. I will return to you all of your files including the documents that I have prepared or have received from my investigator. I will also return all monies which you have given me with a deduction for the expenses of my investigator. These terms are nonnegotiable.

    Please advise me of your decision.

Very truly yours,

Keith White

KW/mw

12e



KEITH WHITE
ATTORNEY AT LAW

P.O. Box 176 110 Washington St., St. Marys, WV 26170 • 304-684-2219 • Fax: 304-684-9428 • keithwhite3@me.com

Zachary Knotts
1050 Westview Drive
Fairmont, WV  26554

August 27, 2015

Dear Zach:

I have waited for a number of days for your response to my letter concerning the psychiatric examination. As I told you, your behavior and conduct has been of such a nature that I cannot represent you unless you get help for your mental illness. All I am asking if you will agree or not to seek psychiatric or psychological treatment. I believe that you will continue to get in legal trouble and would damage your own case unless you get this treatment. If I do not hear from you by September 10, 2015, in writing, of your decision, I will conclude that you refuse to have the examination and will act in accordance with my last letter.

Very truly yours,

Keith White

KW/mw

*13e*