**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG**

**ZACHARY KNOTTS,**

            **Plaintiff,**

**v.**                                                              **Civil Action No. 1:23-CV-28**
                                                                      **(JUDGE KLEEH)**

**KEITH WHITE and**
**HONORABLE THOMAS A. BEDELL,**

            **Defendant.**

### REPORT AND RECOMMENDATION, RECOMMENDING THAT MOTIONS TO DISMISS [ECF NOS. 10, 18] BE GRANTED AND COMPLAINT [ECF NO. 1] BE DISMISSED WITHOUT PREJUDICE

On March 16, 2023, *pro se* Plaintiff Zachary Knotts ("Knotts") filed a Complaint against Defendants Keith White ("White") and the Honorable Thomas A. Bedell ("Judge Bedell"). [ECF No. 1].

On March 17, 2023, this Court, by the Honorable Thomas S. Kleeh, Chief U.S. District Judge for the Northern District of West Virginia, entered an Order of Referral, referring this matter to the undersigned U.S. Magistrate Judge in order to conduct a scheduling conference and issue a scheduling order, for written orders or reports and recommendations, as the case may be, regarding any motions filed, and to dispose of any other matters that may arise. [ECF No. 4].

Upon consideration of the filings, and for the reasons stated herein, the undersigned now **RECOMMENDS** that Judge Bedell's Motion to Dismiss [ECF No. 10] and White's Motion to Dismiss [ECF No. 18] be **GRANTED,** and that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE**.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Complaint arises out of a "contract in the form of a retainer agreement for services to be provided by the attorney Keith White." [ECF No. 1, at 1]. On September 30, 2019, Judge Bedell[1] entered an order that dismissed Knott's claims against White with prejudice. [ECF No. 12, Exhibit 1 at 2]. On December 13, 2019, Judge Bedell denied Knott's motion to amend the judgment. [ECF No. 12, Exhibit 2 at 19]. The West Virginia Supreme Court of Appeals affirmed Judge Bedell's above-mentioned Order. *See* Knotts v. White, No. 20-0079, 2021 WL 982653, at *5 (W. Va. Mar. 16, 2021). Knotts alleges that Judge Bedell presided over the matter, and ultimately, dismissed the case and denied Knotts' motion to amend the judgment. [ECF No. 1, at 1]. Knotts' contends that "this was a direct denial of the rights of the plaintiff to seed [sic] a remedy for property loss." Id.   Knotts' alleges that Judge Bedell and White have violated Knott's Fourteenth Amendment due process rights. Id.

On July 7, 2023, Judge Bedell, by counsel, filed his Motion to Dismiss and memorandum in support thereof. [ECF Nos. 10, 11]. First, Judge Bedell argues that this Court should dismiss the Complaint for lack of subject matter jurisdiction because Knotts seeks to have this Court review a state court decision against him. Judge Bedell contends that this Court cannot exercise jurisdiction pursuant to the Rooker-Feldman doctrine[2]. [ECF No. 11, at 4]. Second, Judge Bedell argues that

---

[1] Pursuant to a Supreme Court of Appeals of West Virginia Administrative Order entered on July 26, 2019, Judge Bedell, Judge of the Fifteenth Judicial Circuit – Division 2 (Harrison County), was temporarily assigned to the Third Judicial Circuit to preside over Knott's underlying state court action. [ECF No. 12, Exhibit 1 at 15, n. 1].

[2] Rooker-Feldman is a "jurisdictional" doctrine barring the losing party in state court "'from seeking what in substance would be appellate review of the state judgment in a United States district court.'" Amer. Reliable Ins. Co. v. Stillwell, 336 F.3d 311, 316 (4th Cir. 2003) (quoting Johnson v. DeGrandy, 512 U.S. 997, 1005-06 (1994)). *See generally* Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)(citing District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16, (1923)).

he is entitled to absolute immunity as a judicial officer. [ECF No. 11, at 3]. Third, Judge Bedell argues that Knotts failed to commence the instant action in a timely manner.

On July 28, 2023, White, by counsel, filed his Motion to Dismiss and memorandum in support thereof. [ECF Nos. 18, 19]. First, White argues that this Court should dismiss the Complaint for lack of subject matter jurisdiction pursuant to the <u>Rooker-Feldman</u> doctrine. Second, White argues that as a private individual, he cannot be held liable for constitutional claims. Third, White argues that Knotts failed to commence the instant action in a timely manner.

### III. LEGAL STANDARDS

#### A. Lack of Subject Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss an action for lack of subject matter jurisdiction. "The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction." <u>Adams v. Bain</u>, 697 F.2d 1213, 1219 (4th Cir. 1982). In considering a 12(b)(1) motion to dismiss, a "trial court may consider evidence by affidavit, depositions or live testimony without converting the proceeding to one for summary judgment." <u>Id</u>. (*citing* <u>Mims v. Kemp</u>, 516 F.2d 21 (4th Cir.1975)). "Unlike the procedure in a 12(b)(6) motion where there is a presumption reserving the truth finding role to the ultimate factfinder, the court in a 12(b)(1) hearing weighs the evidence to determine its jurisdiction." <u>Id</u>. The district court is to "regard the pleadings' allegations as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." <u>Richmond, Fredericksburg & Potomac R. Co. v. United States</u>, 945 F.2d 765, 768 (4th Cir. 1991). "The moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." <u>Id</u>. (*citing* <u>Trentacosta v. Frontier Pacific Aircraft Indus.</u>, 813 F.2d 1553, 1558 (9th Cir.1987)).

Furthermore, a district court must dismiss a claim if, at any time, it appears that the court lacks jurisdiction over the subject matter of the claim. Fed. R. Civ. P. 12(h)(3); <u>Duffield v. Memorial Hosp. Ass'n</u>, 361 F. Supp. 398, 400 (S.D. W. Va. 1973).

### B. Pleading Standard Required to State a Claim for Relief

To state a claim for relief, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This requirement serves to give "the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).

A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); <u>Giarratano v. Johnson</u>, 521 F.3d 298, 302 (4th Cir. 2008). Detailed factual allegations are not required. <u>Twombly</u>, 550 U.S. at 555. The factual allegations simply must be "enough to raise a right to relief above the speculative level." <u>Id</u>. The "sheer possibility that a defendant has acted unlawfully" is insufficient. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). Facial plausibility is established when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u>

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. <u>Mylan Labs, Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993). Additionally, a court must liberally construe complaints filed *pro se*, meaning on one's own behalf without attorney representation. <u>Smith v. Smith</u>, 589 F.3d 736, 738 (4th Cir. 2009).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of

4

defenses." <u>Republican Party of N.C. v. Martin</u>, 980 F.2d 943, 952 (4th Cir. 1992). "But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)," so long as "all facts necessary to the affirmative defense 'clearly appear[ ] on the face of the complaint.'" <u>Goodman v. Praxair, Inc.</u>, 494 F.3d 458, 464 (4th Cir.2007) (quoting <u>Richmond, Fredericksburg & Potomac R.R. v. Forst</u>, 4 F.3d 244, 250 (4th Cir.1993)).

"When rendering its decision, a court should consider only the allegations contained in the complaint, the exhibits to the complaint, matters of public record, and other similar materials that are subject to judicial notice." <u>Conklin v. Jefferson Cty. Bd. of Educ.</u>, 205 F. Supp. 3d 797, 803 (N.D.W. Va. 2016)(citing <u>Anheuser–Busch, Inc. v. Schmoke</u>, 63 F.3d 1305, 1312 (4th Cir.1995)). A district court should grant a motion to dismiss where the complaint is insufficient to state a claim to relief. Finally, "[a] district court's dismissal under Rule 12(b)(6) is, of course, with prejudice unless it specifically orders dismissal without prejudice. That determination is within the district court's discretion." <u>Carter v. Norfolk Cmty. Hosp. Ass'n</u>, 761 F.2d 970, 974 (4th Cir.1985); *see also* <u>Cameron v. MTD Prod., Inc.</u>, No. CIV.A.5:03 CV 75, 2004 WL 3256003, at *3 (N.D.W. Va. Jan. 7, 2004), *aff'd*, 90 F. App'x 53 (4th Cir. 2004).

Relatedly, the undersigned of course is mindful of Knotts' *pro se* status in this context. Because Knotts is proceeding *pro se*, the Court must liberally construe the pleadings. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Loe v. Armistead</u>, 582 F.2d 1291, 1295 (4th Cir. 1978). A *pro se* complaint is subject to dismissal, however, if the Court cannot reasonably read the pleadings to state a valid claim on which a plaintiff could prevail. <u>Barnett v. Hargett</u>, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the plaintiff's legal arguments for him, nor should it "conjure

up questions never squarely presented." <u>Beaudett v. City of Hampton</u>, 775 F.2d 1274, 1278 (4th Cir. 1985).

## IV. ANALYSIS

### A. This action should be dismissed for lack of subject matter jurisdiction pursuant to the Rooker-Feldman doctrine.

The undersigned **RECOMMENDS** that this Court decline to exercise jurisdiction in this matter pursuant to the <u>Rooker-Feldman</u> doctrine, as suggested by Judge Bedell and White. As a general matter, "federal courts are obliged to decide cases within the scope of federal jurisdiction." <u>Sprint Commc'n, Inc. v. Jacobs</u>, 571 U.S. 69, 71 (2013). A federal court should not abstain "simply because a pending state-court proceeding involves the same subject matter." <u>Id</u>. However, federal courts may decline to exercise their jurisdiction in "exceptional circumstances." <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706, 716 (1996). "Specifically, federal courts have the power to refrain from hearing: (1) cases that would interfere with pending state criminal proceedings or certain types of state civil proceedings; (2) cases in which the resolution of a federal constitutional question might be obviated if the state courts were given the opportunity to interpret ambiguous state law; (3) cases raising issues intimately involved with the states' sovereign prerogative; (4) cases whose resolution by a federal court might unnecessarily interfere with a state system for the collection of taxes; and (5) cases which are duplicative of a pending state proceeding." <u>Launi v. Hampshire Cty. Prosecuting Attorney's Off.</u>, No. 3:19-CV-65, 2020 WL 1908005, at *2 (N.D.W. Va. Apr. 17, 2020)(Groh, J.) (citing <u>Quackenbush</u>, 517 U.S. at 716-17).

<u>Rooker-Feldman</u> is a "jurisdictional" doctrine barring the losing party in state court "'from seeking what in substance would be appellate review of the state judgment in a United States district court.'" <u>Amer. Reliable Ins. Co. v. Stillwell</u>, 336 F.3d 311, 316 (4th Cir. 2003) (*quoting* <u>Johnson v. DeGrandy</u>, 512 U.S. 997, 1005-06 (1994)).

The Rooker-Feldman doctrine serves to protect the notion that jurisdiction to review state court decisions "lies exclusively with superior state courts and, ultimately, the United States Supreme Court." Plyler v. Moore, 129 F.3d 728, 731 (4th Cir. 1997)(*citing* District of Columbia Ct. App. v. Feldman, 460 U.S. 462, 482-86 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415-16 (1923)); see also Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002)(quoting Jordahl v. Democratic Party of Va., 122 F.3d 192, 196 (4th Cir. 2002)("[F]ederal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'")).

The United States Court of Appeals for the Fourth Circuit has explained that "the Rooker-Feldman doctrine applies only when the loser in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself." Davani v. Virginia Dept. of Transp., 434 F.3d 712, 713 (4th Cir. 2006).

In Rooker, the Plaintiffs brought suit in federal district court seeking a declaration that a state-court judgment against them was "null and void" because, they alleged, it was in violation of the Constitution. Rooker, 263 U.S. at 414-15. The United States Supreme Court held that the district court lacked subject-matter jurisdiction over the claim because "under the legislation of Congress, no court of the United States other than this court could entertain a proceeding to reverse or modify [a state court] judgment for errors of [Constitutional] character." Id. at 416. In Feldman, the United States Supreme Court held that "if the constitutional claims presented to [the district court] are inextricably intertwined with the state court's [ruling] in a judicial proceeding ... then the district court is in essence being called upon to review the state court decision. Feldman, 460 U.S. at 482 n. 16.

Again, <u>Rooker-Feldman</u> applies whenever litigants institute a federal action in an attempt to seek review of a state court decision, regardless of how the attempt is styled or presented. <u>Johnson v. HCR Manorcare LLC</u>, No. 1:15-CV-189, 2015 WL 6511301, at *3 (N.D.W. Va. Oct. 28, 2015) (*citing* <u>Amer. Reliable Ins. Co. v. Stillwell</u>, 336 F.3d 311, 316 (4th Cir. 2003)). The "controlling question" is whether the party "seeks the federal district court to review a state court decision and thus pass upon the merits of that state court decision, not whether the state court judgment is currently subject to reversal or modification" <u>Id</u>. (*citing* <u>Jordahl v. Democratic Party of Va.</u>, 122 F.3d 192, 202 (4th Cir. 1997)). The <u>Rooker-Feldman</u> doctrine "is in no way dependent upon the temporal procedural posture of the state court judgment." <u>Id</u>. *See also* <u>Brown & Root Inc. v. Breckenridge</u>, 211 F.3d 194, 199 (4th Cir. 2000)(<u>Rooker-Feldman</u> doctrine also applies to interlocutory orders issued in state court); <u>Amer. Reliable Ins. Co. v. Stillwell</u>, 336 F.3d 311, 320 (4th Cir. 2003) ("The fact that such an order may be theoretically subject to modification does not impact the <u>Rooker-Feldman</u> analysis. It is sufficient that a state court render a decision resolving an issue that is the basis for the federal action, even if the decision comes in the form of an interlocutory or preliminary order").

Here, Knotts' alleged injuries, as well as the remedies and the relief sought, arise from the adverse ruling of two state court judgments entered by Judge Bedell. *See* Order Granting Mot. To Dismiss, <u>Knotts v. White, et al.  Civil Action No. 19-C-15</u>, Case No. 19-C-15 (Cir. Ct. Pleasants Cnty. W. Va. Sep. 30, 2019). [ECF No. 12, Exhibit 1].  The Complaint alleges that "both Keith White and Judge Bedell should share equally in any damages awarded for the Plaintiff's loss of his substantive rights by their actions and inactions." [ECF No. 1, at 3].

Appellate review of the September 30, 2019 state court judgment order is the domain of the West Virginia Intermediate Court of Appeals or Supreme Court of Appeals, not the U.S.

District Court for the Northern District of West Virginia.[3] In fact, the West Virginia Supreme Court of Appeals affirmed Judge Bedell's above-mentioned Order. *See* Knotts v. White, No. 20-0079, 2021 WL 982653, at *5 (W. Va. Mar. 16, 2021). Under the Rooker-Feldman doctrine and related Fourth Circuit jurisprudence, this Court is divested of its authority and its jurisdiction where entertaining the federal claim would be "the equivalent of an appellate review of the state court order." Friedman's Inc. v. Dunlap, 290 F.3d 191, 196 (4th Cir. 2002)(*quoting* Jordahl v. Democratic Party of Va., 122 F.3d 192, 196 (4th Cir. 2002).

In summary, the undersigned **FINDS** that this Court is without subject matter jurisdiction and **RECOMMENDS** that "the only function remaining to the court is that of announcing the fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83 (1998); Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999).

Moreover, the Rooker-Feldman doctrine weighs in favor of federal abstention, as not to allow this Court to interfere with the functioning of state courts. Accordingly, the undersigned **FINDS** that the Rooker-Feldman doctrine precludes Knotts' attempt to appeal state court decisions to this Court, and thus further respectfully **RECOMMENDS** that Knotts' Complaint should be **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

### B. The Complaint is barred by the applicable statute of limitations.

Judge Bedell and White asserts that Knotts' filed the instant action in an untimely fashion because the applicable statute of limitations has expired. Knotts appears to rely on 42 U.S.C. § 1983. Although 42 U.S.C. § 1983 does not expressly provide a statute of limitations, Defendants argue that the two-year period of limitations that are applied in corresponding state causes of action applies here. The undersigned agrees.

---

[3] *See generally* W. Va. Code § 51-1-3 (jurisdiction of the W. Va. Supreme Court of Appeals) and W. Va. Code § 51-11-4 (establishing jurisdiction and limitations for the W. Va. Intermediate Court of Appeals).

Federal courts apply the state statute of limitations for § 1983 because the federal Civil Rights Act does not specify a certain time period. Tarpley v. Hogan, 2016 WL 4888914, at *7 (D. Md. Sept. 15, 2016) (Memorandum Opinion) (*citing* Wallace v. Kato, 549 U.S. 384, 387 (2007)). "In West Virginia, § 1983 actions are considered personal injury actions and utilize the two year statute of limitations." Orum v. Haines, 68 F. Supp. 2d 726, 730 (N.D.W. Va 1999) (*citing* W. Va Code § 55-2-12(b)); Smith v. Travelpiece, 31 F.4th 878, 883 (4th Cir. 2022).

Judge Bedell's latest ruling was entered against Knotts on December 13, 2019. [ECF No. 12, Exhibit 2 at 19]. Therefore, the applicable statute of limitations would have expired on December 13, 2021. But because Knotts filed the instant action on March 16, 2023, two years after the above-noted period, the undersigned **FINDS** that the Complaint was untimely filed, and thus further **RECOMMENDS** that the Complaint should be **DISMISSED**.

### C. Judge Bedell is entitled to judicial immunity.

Judge Bedell asserts judicial immunity as a viable defense to Knotts' claims. Judges enjoy immunity from suits for actions taken while holding a judicial office within their jurisdiction. Pierson v. Ray, 368 U.S. 547, 554 (1967). A judge will be held liable for actions taken in the "clear absence of all jurisdiction." Stump v. Sparkman, 435 U.S. 349, 356-57 (1978) (quoting Bradley v. Fisher, 13 Wall. 335, 351, 20 L.Ed. 646 (1872)). In the Complaint, Plaintiff identifies Judge Bedell as "the Judge who presided over the matter." [ECF No. 1, at 1]. As Judge Bedell points out, it appears that Knotts is asserting claims arising from a case that was before Judge Bedell as a West Virginia Circuit Court Judge. Because Judge Bedell was the judicial officer during the course of the underlying state proceedings, he is entitled to judicial immunity. Thus, Knotts cannot successfully bring a suit against him. Accordingly, the undersigned **FINDS** that Judge Bedell

enjoys judicial immunity here and **RECOMMENDS** that the Complaint against him be **DISMISSED**.

### **D. Knotts cannot hold White liable for violating Knotts' constitutional rights.**

In his Motion to Dismiss [ECF Nos. 18, 19], White argues that Knotts has alleged a violation of the Fourteenth Amendment right to due process and, as a private individual, White cannot be held liable. Therefore, this Court should dismiss this action pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The undersigned agrees. Knotts fails to allege enough facts for a cognizable claim against White in this regard. Instead, Knotts addresses his grievances with White as it pertains to the action brought in state court. Again, Knotts' pleadings in the instant action are in response to the judgment that resulted from his state court action instead of an independent, cognizable claim stemming from actions taken by White, the individual.  There is not enough factual content for the undersigned to make a reasonable inference that White is liable for anything in this regard.

Because the undersigned **FINDS** that Knotts has failed to state a claim against White upon which relief can be granted in this regard, the undersigned **RECOMMENDS** that White's Motion to Dismiss [ECF No. 18] be **GRANTED**.

### V.    CONCLUSION AND RECOMMENDATIONS

First, because the Court should abstain from interfering with the state court's functioning pursuant to the Rooker-Feldman doctrine, the undersigned **FINDS** this Court is without subject matter jurisdiction and **RECOMMENDS** that the Complaint [ECF No. 1] be **DISMISSED WITHOUT PREJUDICE** and the Motions to Dismiss [ECF No. 10, 18] be **GRANTED**, pursuant to Rule 12(b)(1).

Second, because Judge Bedell was a judicial officer presiding over the state claims, the undersigned **FINDS** that Judge Bedell is entitled to judicial immunity and thus **RECOMMENDS** that Judge Bedell's Motion to Dismiss [ECF No. 10] be **GRANTED**.

Third, the undersigned **FINDS** that the Complaint was untimely filed, and thus further **RECOMMENDS** that the Complaint should be **DISMISSED**.

Finally, the undersigned **FINDS** that Knotts has failed to allege facts sufficient to put forth a claim upon which relief can be granted and thus **RECOMMENDS** that White's Motion to Dismiss [ECF No. 18] be **GRANTED** pursuant to Rule 12(b)(6).

 Any party shall have fourteen (14) days (filing of objections) and then three days (mailing/service) from the date of the filing of this Report and Recommendation to file with the Clerk of the Court **specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection.**  A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed **ten (10) typewritten pages or twenty (20) handwritten pages**, **including exhibits**, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk of the Court is **DIRECTED** to provide a copy of this Order to parties who appear *pro se* by certified mail, and all counsel of record, as applicable, as provided in the Administrative

Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

Respectfully submitted on November 3, 2023.

MICHAEL JOHN ALOI
UNITED STATES MAGISTRATE JUDGE