```
          IN THE UNITED STATES DISTRICT COURT
       FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**ZACHARY KNOTTS,**

      **Plaintiff,**

    v.                              **CIVIL NO. 1:23-CV-28**
                                                  **(KLEEH)**

**KEITH WHITE and**
**HONORABLE THOMAS A. BEDELL,**

      **Defendants.**

**MEMORANDUM OPINION AND ORDER**
**ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 33]**
**AND GRANTING MOTIONS TO DISMISS [ECF NOS. 10, 18]**

Pending before the Court is a Report and Recommendation ("R&R") by United States Magistrate Judge Michael J. Aloi [ECF No. 33]. For the reasons discussed herein, the Court **ADOPTS** the R&R **IN PART**.

### I.   BACKGROUND

On March 16, 2023, the pro se Plaintiff, Zachary Knotts ("Plaintiff"), filed a Complaint against the Defendants, attorney Keith White ("White") and the Honorable Thomas A. Bedell ("Judge Bedell") (together, "Defendants"). In the Complaint, Plaintiff asserts claims under 42 U.S.C. § 1983 relating to prior litigation. White represented Plaintiff in the Circuit Court of Kanawha County, West Virginia, in an action alleging that Plaintiff suffered abuse while incarcerated at a regional jail. Plaintiff was displeased with the outcome of

Case 1:23-cv-00028-TSK-MJA Document 49 Filed 02/15/24 Page 2 of 8 PageID #: 228

**KNOTTS V. WHITE ET AL.** 1:23-CV-28

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 33]
AND GRANTING MOTIONS TO DISMISS [ECF NOS. 10, 18]**

that case, which led him to file a lawsuit against White in the Circuit Court of Pleasants County, West Virginia. Judge Bedell presided over that case and ultimately dismissed it.

Pursuant to 28 U.S.C. § 636 and the Local Rules, the Court referred this action to United States Magistrate Judge Michael J. Aloi (the "Magistrate Judge") for review. On July 7, 2023, Judge Bedell filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure [ECF No. 10]. On July 28, 2023, White did the same [ECF No. 18]. On November 3, 2023, the Magistrate Judge entered the R&R. The Magistrate Judge first recommends that the Court dismiss the action without prejudice because it lacks jurisdiction pursuant to the Rooker-Feldman doctrine. In the alternative, the Magistrate Judge recommends dismissal against Judge Bedell because he is immune; dismissal against White because he was not acting under color of state law; and dismissal against both defendants because the claims are barred by the applicable statute of limitations.

The R&R informed the parties that they had fourteen (14) days from the date of service of the R&R to file "specific written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for

Case 1:23-cv-00028-TSK-MJA   Document 49   Filed 02/15/24   Page 3 of 8   PageID #: 229

**KNOTTS V. WHITE ET AL.**                                                  **1:23-CV-28**

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 33]
AND GRANTING MOTIONS TO DISMISS [ECF NOS. 10, 18]**

such objection." It further warned them that the "[f]ailure to file written objections . . . shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals." Plaintiff accepted service of the R&R on January 19, 2024. See ECF No. 43. He filed two sets of objections [ECF Nos. 34, 45]. Judge Bedell filed two responses to the objections [ECF Nos. 35, 47], and White moved to join in one of Judge Bedell's responses. For good cause, the motion for joinder is **GRANTED** [ECF No. 36].

When reviewing a magistrate judge's R&R, the Court must review de novo only the portions to which an objection has been timely made. 28 U.S.C. § 636(b)(1)(C). Otherwise, "the Court may adopt, without explanation, any of the magistrate judge's recommendations" to which there are no objections. Dellarcirprete v. Gutierrez, 479 F. Supp. 2d 600, 603–04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). Courts will uphold portions of a recommendation to which no objection has been made unless they are clearly erroneous. See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

In Plaintiff's objections, he argues that the Rooker-Feldman doctrine should not apply because this is not a

Case 1:23-cv-00028-TSK-MJA Document 49 Filed 02/15/24 Page 4 of 8 PageID #: 230

**KNOTTS V. WHITE ET AL.** 1:23-CV-28

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 33]
AND GRANTING MOTIONS TO DISMISS [ECF NOS. 10, 18]**

repetition of a state court filing. He asserts that the Section 1983 claim is raised to address constitutional violations. In response, Defendants maintain their position that the Rooker-Feldman doctrine applies. Defendants assert that because Plaintiff did not raise objections to the Magistrate Judge's alternative grounds for dismissal, those findings should be reviewed for clear error. The Court will review de novo the Magistrate Judge's findings related to the Rooker-Feldman doctrine.

## II. DISCUSSION

For the reasons that follow, the Court finds that the Rooker-Feldman doctrine applies, and the Court lacks subject matter jurisdiction to decide this case.

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) allows the Court to dismiss an action for lack of jurisdiction over the subject matter. A plaintiff bears "the burden of proving that subject matter jurisdiction exists." Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). In considering a motion to dismiss pursuant to Rule 12(b)(1), the court should "regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding

Case 1:23-cv-00028-TSK-MJA Document 49 Filed 02/15/24 Page 5 of 8 PageID #: 231

**KNOTTS V. WHITE ET AL.                                          1:23-CV-28**

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 33]
AND GRANTING MOTIONS TO DISMISS [ECF NOS. 10, 18]**

to one for summary judgment." Id. (citation omitted). The court should grant the motion "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id. (citation omitted). When a defendant asserts multiple defenses, "questions of subject matter jurisdiction must be decided first, because they concern the court's very power to hear the case." Owens-Illinois, Inc. v. Meade, 186 F.3d 435, 442 n.4 (4th Cir. 1999) (citations and quotation marks omitted).

    **B.    Application of the Rooker-Feldman Doctrine**

"The Rooker-Feldman doctrine bars state-court losers from seeking review in federal court of 'injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Vicks v. Ocwen Loan Servicing, LLC, 676 F. App'x 167, 168 (4th Cir. 2017) (unpublished) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). "District courts cannot review final state court judgments because Congress has vested appellate jurisdiction over state court decisions with the United States Supreme Court." Willner v. Frey, 243 F. App'x 744, 746 (4th Cir. 2007) (unpublished) (citing 28 U.S.C. § 1257(a)). The doctrine

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 33]
AND GRANTING MOTIONS TO DISMISS [ECF NOS. 10, 18]**

prevents parties who lost in state court from bypassing the procedure of seeking review in state appellate courts and then seeking a writ of certiorari with the United States Supreme Court. Id.

Four conditions must be met for the Rooker-Feldman doctrine to apply: "(1) the federal court plaintiff lost in state court; (2) the plaintiff complains of 'injuries caused by state-court judgments;' (3) the state court judgment became final before the proceedings in federal court commenced; and (4) the federal plaintiff 'invit[es] district court review and rejection of those judgments.'" Id. (quoting Exxon Mobil Corp., 544 U.S. at 284). "A claim seeking redress for an injury caused by the state-court decision itself — even if the basis of the claim was not asserted to the state court — asks the federal district court to conduct an appellate review of the state-court decision." Davani v. Va. Dep't of Transp., 434 F.3d 712, 719 (4th Cir. 2006).

Here, Plaintiff's claims fall squarely into the Rooker-Feldman doctrine. First, Plaintiff lost in the Circuit Court of Pleasants County, West Virginia, when Judge Bedell dismissed his case. See Compl., ECF No. 1, at ¶ 5. Second, in this action, Plaintiff complains of injuries caused by the state court

Case 1:23-cv-00028-TSK-MJA Document 49 Filed 02/15/24 Page 7 of 8 PageID #: 233

**KNOTTS V. WHITE ET AL.** 1:23-CV-28

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 33]
AND GRANTING MOTIONS TO DISMISS [ECF NOS. 10, 18]**

judgment. Id. at ¶¶ 6, 14, 17. Third, the state court action became final before Plaintiff filed this case. See Exh. 1, White Motion to Dismiss, at ECF No. 18-1. Fourth and finally, Plaintiff invites this Court to review and reject the state court decision. Specifically, Plaintiff argues that Judge Bedell should not have dismissed his case. See Compl., ECF No. 1, at ¶ 7. He alleges that Judge Bedell's findings "are not factually correct" and that Judge Bedell made a number of errors that "did not take into consideration" Plaintiff's substantive rights. Id. at ¶¶ 13, 17. Overall, Plaintiff's alleged injuries, as well as the remedies and the relief sought, arise from the adverse ruling in state court.

### III. CONCLUSION

Plaintiff effectively asks the Court to exercise appellate jurisdiction over a state court decision. This Court lacks jurisdiction to do so. As such, the R&R is **ADOPTED IN PART** [ECF No. 33], to the extent set forth above, and the motions to dismiss are **GRANTED** [ECF Nos. 10, 18]. This action is **DISMISSED WITHOUT PREJUDICE** and **STRICKEN** from the Court's active docket.

It is so **ORDERED.**

**KNOTTS V. WHITE ET AL.** 1:23-CV-28

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND RECOMMENDATION IN PART [ECF NO. 33]
AND GRANTING MOTIONS TO DISMISS [ECF NOS. 10, 18]**

The Clerk is **DIRECTED** to transmit copies of this Order to counsel of record by email and to the pro se Plaintiff by certified mail, return receipt requested.

DATED: February 15, 2024

_____
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA